UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERIC WESTRY,

                             Plaintiff,                    02 Civ. 7723 (RPP)

                  - against -                **OPINION AND ORDER**

YONKERS RESIDENTIAL CENTER,

                            Defendant.
-------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       Defendant has filed a second motion to dismiss Plaintiff's complaint due to Plaintiff's repeated failures to comply with Defendant's requests for deposition, two of which were Court-ordered.

       This case was filed on September 25, 2002 and involved events that occurred in 1997 and 1998. The docket shows repeated requests by Plaintiff or Plaintiff's counsel to adjourn discovery and pretrial order and trial dates. No such request was made by Defendant until the Court received defense counsel's letter of July 11, 2005, requesting an adjournment of the trial date set for August 8, 2005 because counsel was undergoing chemotherapy treatments. On July 19, 2005, the Court granted the request and adjourned the trial date to October 3, 2005. At a pretrial conference on August 12, 2005, in view of Plaintiff's failure to appear for deposition on August 11, 2005, the Court ordered that Plaintiff's deposition be taken on August 24, 2005 at 10 a.m. at the office of Defendant's counsel.

       At the August 12 conference, Plaintiff indicated that he wished to discharge counsel and proceed pro se. The Court advised Plaintiff of the desirability of being represented by counsel,

particularly in view of the October 3, 2005 trial date. On August 18, 2005, Plaintiff advised the Court that he was going to continue with his counsel. (Docket #25). However, on August 19, 2005, Plaintiff's counsel moved to withdraw as counsel, and the Court ordered an immediate conference on August 23, 2005 to consider whether there were adequate grounds for withdrawal. (Docket #27.) Plaintiff did not appear, but sent letters to the Court (Docket #29 and #30), one of which stated that he would attend the scheduled deposition without counsel. At that conference, Plaintiff's counsel articulated adequate grounds on the record in open court for counsel's withdrawal (due to concern about participation in a fraud on the Court). Accordingly, the motion to withdraw was granted on August 23, 2005. Plaintiff filed objections to the Court's order on August 24, 2005. (Docket #28.)

After Plaintiff's failure to appear on August 24, 2005 for his deposition as ordered by the Court, Defendant's counsel moved on August 31, 2005 to dismiss the complaint for Plaintiff's failure to appear for deposition. (Docket #31.) On September 3, 2005, Plaintiff filed responsive papers acknowledging that he had not attended depositions on August 11 and 24, 2005, but claiming that he did not appear because he had faxed the Judge a letter on August 23, 2005 stating that he had had a change of heart about appearing without counsel. Plaintiff also asked for a stay of 30 days to obtain counsel. (Docket #32.)[1]

The Court did not grant Defendant's motion to dismiss because the Court had granted a motion to withdraw by Plaintiff's counsel on August 23, 2005 and because Plaintiff had not had time to replace his counsel. Instead, the Court entered an order on September 6, 2005, allowing Plaintiff until October 3, 2005 to retain counsel. The Order also directed that Plaintiff's deposition should be taken at defense counsel's office between October 3 and October 21, 2005,

---

[1] Defendant's counsel was not copied on this letter to the judge.

advised Plaintiff that failure to appear "may result in dismissal of this case," and re-set the pretrial order date for October 31, 2005 and the trial date for November 14, 2005 at 9:30 a.m. (Id.)

On October 31, 2005, the Court received a letter from Mr. Fitzgerald, an attorney acting on behalf of counsel for Defendant, requesting that the prior motion to dismiss be granted in view of Plaintiff's failure to appear for deposition by October 21, 2005. (Docket #34.) The Court endorsed the letter that same date, stating that the Court would grant the motion unless the Plaintiff showed good cause by November 8, 2005 for his failure to appear for deposition. (Id.)

On November 4, 2005, Plaintiff faxed a response to the Court's order of October 31, 2005, stating that on October 20, 2005 a "letter" was sent to Defendant's counsel requesting that his deposition be taken "anytime from the receipt of this Email . . . 20.Oct.2005 until the very end of the month of October after 3:00PM [except that] . . . on Wednesdays I am available from 4PM onward." and that e-mail was utilized because attempts to fax documents on October 20, 2005 and other recent attempts "have failed possibly because it is not a fax number [(203) 425-9777]." Plaintiff purports to have sent the e-mail on October 20, 2005 at 8:37 p.m. (See attachment to answer to motion to dismiss faxed to the Court and received November 7, 2005.) (Docket #37.)

Defendant's acting counsel responded by letter dated November 8, 2005, stating that Plaintiff's claim of good faith for his failure to appear for deposition is disingenuous; that he has reviewed all telephone messages, faxes, letters, and documents received by Defendant's attorney (not e-mails) and none had come from Plaintiff; that defense counsel never consented to service of legal documents by e-mail transmission; that defense counsel's letterhead contains a fax number 203-425-9770 and a telephone number 203-425-9777; and that evidently Plaintiff's e-

3

mail was sent at 8:37 p.m. on the night before the Court-ordered deadline for Plaintiff's deposition, and that the alleged e-mail limited Plaintiff's availability to after 3 p.m., all of which shows a lack of good faith compliance with the Court's order.  Lastly, Defendant contends that Plaintiff's e-mail request for an expeditious response is disingenuous since Plaintiff did not send a letter to Defendant's counsel or leave a message on his telephone answering machine confirming the request. (Letter of Robert A. Fitzgerald, Esq., dated November 9, 2005.)

The Plaintiff's use of e-mail was inappropriate and untimely and not designed to put Defendants on notice.  The Court notes that Plaintiff did not send the Court a copy of his alleged e-mail to Defendant's counsel of October 20, 2005 until a response was required to the Court's order of October 31, 2005, and that the documents sent by Plaintiff contain no independent verification that such an e-mail was ever sent.   Plaintiff has failed to appear for his depositions on three separate occasions, two of which were Court-ordered, even though Plaintiff was notified by the Court on September 20, 2005 that "failure to appear [at deposition] may result in dismissal of this case."

On November 14, 2005 at 9:30 a.m., the date set for trial of this case for over two months, House Counsel for Defendant appeared ready to proceed with witnesses on call. Plaintiff did not appear at 9:30 a.m. and had not appeared at 10:00 a.m. even though, after several attempts earlier in the week, the Court's Deputy Clerk reached Plaintiff by telephone on Friday, November 11, 2005 and reminded him that the case was scheduled to be tried on Monday, November 14, 2005 at 9:30 a.m.  Accordingly, on Defendant's application, in view of Plaintiff's failure to appear for Court-ordered discovery and for Plaintiff's failure to appear for trial, the case was dismissed.

IT IS SO ORDERED.

Dated: New York, New York
November 15, 2005

                                              _____
                                              Robert P. Patterson, Jr.
                                              U.S.D.J.

Copies of this order sent to:

*Plaintiff Pro Se*

Eric Westry
61-09 Bentwood Drive
Waterbury, CT 06705

*Counsel for Defendant*

William Nathaniel Carroll, Esq.
Robert A. Fitzgerald, Esq.
P.O. Box 622
Old Greenwich, CT 06870